# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LARRY G. WELCH, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 11-0714-CV-W-DW-P |
| MICHAEL BOWERSOX, | ) |
| Respondent. | ) |

## OPINION AND ORDER DENYING WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at the South Central Correctional Center in Licking, Missouri, has filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 convictions and sentences for two counts of class B felony involuntary manslaughter in the first degree and two counts of assault in the second degree, which were entered in the Circuit Court of Cole County, Missouri. Petitioner raises one ground for relief regarding his guilty plea. Respondent contends that Ground One is without merit.

## FACTUAL BACKGROUND

In affirming the motion court's denial of petitioner's Rule 24.035 motion, the Missouri Court of Appeals, Western District, set forth the following facts:

> Welch was indicted on two counts of involuntary manslaughter and two counts of second-degree assault. During his guilty plea hearing, Welch admitted that, on the morning of November 4, 2007, he was driving his truck on Route C in Cole County. Although Welch was traveling east, he was driving in the westbound lane. A car, occupied by Eric and Jean Olsen and their two children, Tobias and Johanna, approached. The Olsens were traveling west in the westbound land. To avoid Welch's truck, Eric Olsen, who was driving, swerved into the eastbound lane. At the same time, Welch swerved into the eastbound lane and hit the passenger side of the Olsens' car. The collision killed Jean and

Tobias Olsen.  Eric and Johanna Olsen survived the crash but suffered permanent injuries.  Welch admitted that his negligence caused the collision and that his blood alcohol content at the time was "in excess of what the law presumes to be impaired."

Welch offered his plea of guilty as a "blind plea," because he had no plea agreement with the State.  The court informed Welch that the range of punishment on each of the two involuntary manslaughter charges was five to fifteen years in prison, and the punishment on each of the two second-degree assault charges ranged from a fine to up to seven years in prison.  Welch testified that he understood the range of punishment on all of the charges.  The court accepted Welch's guilty plea after finding that it was knowingly and voluntarily made.  The court sentenced Welch to two concurrent terms of fifteen years imprisonment on the involuntary manslaughter convictions and two terms of five years imprisonment on the second-degree assault convictions.  The sentences for the second-degree assault convictions were to run concurrently with each other but consecutively to the sentences for the involuntary manslaughter convictions.  Hence, Welch's consecutive sentences total twenty years imprisonment.

Welch subsequently filed a timely Rule 24.035 motion for post-conviction relief.  In his motion, he alleged that his plea counsel was ineffective for misinforming him that he would have to serve only forty to fifty percent of his sentence prior to parole eligibility, instead of the statutorily-required eighty-five percent, which was applicable to his involuntary manslaughter convictions.  The court held an evidentiary hearing on Welch's motion.

During the evidentiary hearing, Welch testified that his plea counsel had told him that he would have to serve approximately forty to fifty percent of his sentence prior to parole eligibility.  Welch further testified that, if he had known that he was going to have to serve eighty-five percent of his sentence prior to parole eligibility, he would not have entered his guilty plea.  On cross-examination, Welch admitted that, when he entered his plea, he was aware that the court could have given him consecutive sentences totaling forty-four years imprisonment pursuant to the maximum range of punishment for each of his offenses.  Welch's plea counsel also testified at the hearing.  Plea counsel testified that he had misread the statute and erroneously advised Welch that he would have to serve approximately fifty percent of his sentence before becoming eligible for parole.

The circuit court denied Welch's motion.  In its judgment, the circuit court assumed, without deciding, that plea counsel's erroneous advice regarding the percentage of time Welch would have to serve fell below an objective standard of reasonableness.  The circuit court concluded, however, that Welch failed to demonstrate that he was prejudiced by counsel's erroneous advice.  Welch

2

appeals.

Respondent's Exhibit E, pp. 1-3.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## GROUND ONE

In Ground One, petitioner asserts a claim for ineffective assistance of trial counsel in that counsel induced petitioner's guilty plea by erroneously advising petitioner that, if petitioner plead guilty, petitioner would be eligible for parole after he completed approximately fifty percent of his sentence. Doc. No. 1-1, pp. 3-4. In fact, petitioner statutorily is required to serve eighty-five percent of the sentences for the manslaughter charges before he is eligible for parole. Doc. No. 1-1, p. 4. Petitioner alleges that he would not have plead guilty and would have insisted on going to trial if counsel had not erroneously advised him of his eligibility for parole. Doc. No. 1-1, p. 19. The Missouri Court of Appeals, Western District, denied Ground One as follows:

---

[1] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

3

Our review of the circuit court's ruling on a Rule 24.035 motion is limited to determining whether its finding and conclusions are clearly erroneous. Rule 24.035(k). Finding and conclusions are clearly erroneous only if we have a definite and firm impression that a mistake was made. Dobbins v. State, 187 S.W.3d 865, 866 (Mo. banc 2006). By pleading guilty, Welch "waived any claim that counsel was ineffective except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." Worthington v. State, 166 S.W.3d 566, 573 (Mo. banc 2005) . . . .

To succeed on his claim of ineffective assistance of counsel, Welch must show by a preponderance of the evidence that his plea counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney and that he was thereby prejudiced. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Welch must satisfy both prongs–ineffective assistance and prejudice–to be entitled to relief. Haskett v. State, 152 S.W.3d 906, 909 (Mo. App. 2005). If Welch failed to show either ineffective assistance or prejudice, we do not need to consider the other. Id.

In his sole point on appeal, Welch claims that the circuit court clearly erred in concluding that he failed to establish prejudice from his plea counsel's erroneous advice about his parole eligibility. He argues that the evidence established that the case against him, while emotionally compelling, was factually only "average." Specifically, he claims that there were many facts in his favor, such as that the only evidence of his blood alcohol content at the time of the collision was based solely upon retrograde extrapolation; the collision happened at 10:30 a.m. on a Sunday; and the collision actually occurred while Welch was driving in his own lane. Because of these facts, Welch contends that there is a reasonable probability that, but for his plea counsel's erroneous advice concerning his parole eligibility, he would have chosen to go to trial rather than to plead guilty. We disagree.

The record before us does not support Welch's claim that these facts were actually favorable to the defense. Welch contends that, because his blood alcohol content was derived from retrograde extrapolation, "[t]here might have been a persuasive defense argument as to reasonable doubt," but he offers nothing to support this bare assertion. Moreover, that the collision occurred at 10:30 on a Sunday morning is hardly favorable to Welch. While the Olsen family was driving home from church, Welch was driving while impaired, mid-morning on a Sunday. Lastly, although the collision may have occurred in Welch's lane, the evidence was that, immediately before the collision, Welch was driving in the wrong lane and Eric Olsen swerved into what should have been Welch's lane only to avoid hitting Welch, who then swerved into his lane and hit the Olsens. These facts do not provide a basis for concluding that, but for his plea counsel's erroneous advice concerning parole eligibility, there is a reasonable probability that Welch would have insisted on going to trial.

4

> Even if these facts could be viewed as favorable to the defense, however, the facts and circumstances unfavorable to the defense were compelling and quite damning. Welch's plea counsel testified at the evidentiary hearing that he had advised Welch that a jury trial would not be in his best interest because (1) Welch's entire defense would rest largely upon Welch's testimony, and Welch would not be a good witness due to his flat demeanor, poor memory, and prior convictions; (2) the State's evidence against Welch included graphic and gruesome photographs of the collision and the victims that would elicit "huge emotion" on the part of the jury; and (3) the jury's sympathy would clearly lie with the victims, as the collision caused the deaths of two members of the Olsen family. The circuit court agreed with this assessment of the weaknesses of the defense, finding that Welch was not a strong witness during the evidentiary hearing, that some of the State's photographs depicting the "devastating nature of the crash and the fatal injuries suffered by Jean and Tobias Olsen" would have been admissible, and that the evidence against Welch was both "strong and aggravating" and would show that Welch, "in an instant, killed half a family."
>
> The court found that, given these "harsh facts," and in light of the possible sentence that Welch could have faced compared to the sentence he actually received, Welch's assertion that he would have proceeded to trial had he known about the eighty-five percent rule was "incredible." We defer to the circuit court's credibility determinations in a post-conviction relief proceeding. Miller v. State, 260 S.W.3d 393, 396 (Mo. App. 2008).
>
> We, therefore, affirm the circuit court's judgment denying Welch's Rule 24.035 motion.

Respondent's Exhibit E, pp. 4-6.

In order to obtain relief in federal habeas corpus, petitioner "must show 'actual ineffectiveness' as defined in Strickland, 466 U.S. at 687, and that he 'pleaded guilty as a direct consequence of his counsel's erroneous advice and . . . but for this advice, the outcome of the plea process would have been different.'" Nolan v. Armontrout, 973 F.2d 615, 617 (8th Cir. 1992) (citing Garmon v. Lockhart, 938 F.2d 120 (8th Cir.1991)). To show prejudice in such a case, petitioner must establish with "reasonable probability" that he would not have entered a guilty plea and would have insisted on going to trial had counsel been effective. Hill v. Lockhart, 474 U.S. 52, 58-59

5

(1985). Petitioner's representations at the guilty plea hearing carry a strong degree of verity and pose "a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73 (1977).

"[A] determination of a factual issue made by a State court shall be presumed to be correct," and petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The statutory presumption "is particularly proper [in cases involving the voluntariness of a guilty plea] in light of the state trial court's ability to judge the defendant's credibility and demeanor at the plea hearing and the fact that '[m]ore often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea.'" Weeks v. Bowersox, 119 F.3d 1342, 1352 (8th Cir. 1997) (quoting Blackledge, 431 U.S. at 71).

Petitioner has failed to proffer clear and convincing evidence that his guilty plea was not voluntary, knowing, and intelligent. See Hunter v. Bowersox, 172 F.3d 1016, 1022 (8th Cir. 1999), cert. denied, 528 U.S. 1140 (2000). During petitioner's plea hearing, petitioner acknowledged knowing the range of punishment on the four counts to which he was pleading guilty, which added up to 44 years if sentenced to run consecutively, and he acknowledged that there was no plea agreement with the State. Respondent's Exhibit B, pp. 22-24. The Missouri Court of Appeals, Western District, held that petitioner failed to demonstrate that he was prejudiced by counsel's erroneous advice, because the evidence that was to be presented against him at trial was compelling and would have caused the jury to feel sympathetic for the victims. Respondent's Exhibit E, pp. 4-6. Because the state court's determination was not based upon an "unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law," 28

6

U.S.C. § 2254(d)(1) and (2), petitioner's claim of ineffective assistance of trial counsel, Ground One, will be denied.

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

                                    /s/ Dean Whipple
                                    DEAN WHIPPLE
                                    UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:   November 2, 2011   .